UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT YAQUINTO, IN HIS CAPACITY AS CHAPTER 7 TRUSTEE OF JRJR33, INC., | § § § § | |
| *Appellant,* | § § | |
| v. | § § | Civil Action No. 3:24-CV-2728-X |
| CNA INSURANCE COMPANIES D/B/A CONTINENTAL CASUALTY COMPANY, | § § § § | |
| *Appellee.* | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Robert Yaquinto, in his official capacity as the trustee of JRJR33 Inc's (the "Trustee") appeal from the bankruptcy court's order grating judgment on the pleadings in favor of CNA Insurance Companies doing business as Continental Casualty Company (Continental). After reviewing the briefing, the record, and applicable law, the Court **AFFIRMS** the bankruptcy court's order.

## I.    Factual Background

Finding no clear error in the bankruptcy court's factual findings, the Court adopts and reiterates the relevant facts here.[1] This appeal concerns a dispute over an insurance policy (the "Policy"). Continental insured Actitech, LP's directors and officers with liability coverage with a $1 million aggregate limit of liability.

---

[1] Doc. 3-2 at ROA.226–29.

1

In short, the Trustee argues that Continental failed to accept a reasonable policy-limits demand to settle over $11 million in usury claims against its insured, Actitech. After which, Actitech incurred hundreds of thousands of dollars in defense costs, filed for bankruptcy, and ultimately settled for $2.75 million. As part of the settlement agreement, Actitech assigned this claim against Continental to the Trustee.

## II.     Legal Standard

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). When a district court reviews a bankruptcy court's ruling, "[t]he bankruptcy court's findings of fact are subject to clearly erroneous review, while its conclusions of law are reviewed de novo."[2]

## III.     Analysis

The bankruptcy court granted Continental's motion for judgment on the pleadings for two reasons: first, the Policy did not include coverage for penalties and the usury suit was seeking to recover a penalty against Actitech. Thus, Continental did not breach any duty by failing to accept the settlement. Second, the bankruptcy court held that the claim could not be assigned to the Trustee in the settlement without Continental's approval, because the insurance contract has an anti-assignment clause.

Assuming arguendo that the Trustee can pursue this claim, the underlying usury suit was not covered under the insurance contract. The Trustee argues that

---

[2] *In re Rogers*, 513 F.3d 212, 216 (5th Cir. 2008).

the underlying usury suit was covered under the insurance Policy because "penalty" in the insurance contract only means penalties *paid to the government*. The Trustee invokes the *noscitur a sociis* canon to reach this interpretation of the Policy. Further, the Trustee argues that the Court must strictly construe the Policy language against the insurer. Continental argues instead that Texas law calls the violation of usury law a penalty in the code and the underlying lawsuit was thus not covered. The Court agrees with Continental.

First, the plain text of the contract excludes the usury suit. The Policy's definition of Loss includes: "damages, settlements, judgments (including any award of pre-judgment and post-judgment interest on a covered judgment) and Defense Costs for which the Insured is legally obligated to pay on account of a covered Claim[.]"[3] But the Policy expressly did not include "civil or criminal fines, penalties, taxes, sanctions, or forfeitures imposed on an Insured whether pursuant to law, statute, regulation, or court rule, other than those civil fines or penalties imposed under 42 USC 1320d-5(a) of the Health Insurance Portability and Accountability Act of 1996[.]"[4]

Black's Law Dictionary defines penalty "punishment imposed on a wrongdoer, usually in the form of imprisonment or fine; especially, a sum of money exacted as punishment for either a wrong to the state or a civil wrong (as distinguished from compensation for the injured party's loss)."[5] Here, Texas imposes a penalty for usury

---

[3] Doc. 3-2 at ROA 108.

[4] *Id.*

[5] Penalty, BLACK'S LAW DICTIONARY (12th ed. 2024) (cleaned up).

to the party charged the usurious interest rate, not to compensate the injury but as punishment itself.[6]

Next, the Court considers the *noscitur a sociis* canon to find the plain meaning of "penalties."[7]  This canon instructs that "words grouped in a list should be given related meaning."[8]  Thus, it is the "'common quality' in a list that is the focus of the *noscitur a sociis* inquiry[, which] 'should be its most general quality — the least common denominator, so to speak — relevant to the context.'"[9]  Here, the common denominator is not, as suggested by the Trustee, paid to the government. As the bankruptcy court noted "sanctions and forfeitures can be paid to private individuals."[10]  Instead, what the words *all* have in common is that "fines, penalties, taxes, sanctions, or forfeitures" are *imposed by the government*, although not always paid to the government.

Finally, the Court disagrees that blind deference is required to the insured's construction.  "Under Texas law, insurance policies are interpreted in accordance with the rules of construction that apply to all contracts generally."[11]  Although ambiguities in insurance contracts are strictly construed against the insurer, "this

---

[6] *See* TEX. FIN. CODE § 305.007, titled "Penalties Exclusive"; *Steves Sash & Door Co. v. Ceco Corp.*, 751 S.W.2d 473, 476 (Tex. 1988) (holding that statute defines "[t]he spectrum of penalties for usurious practices").

[7] The Court agrees that interpretative canons do not require ambiguity for their use.  *See Lagos v. United States*, 584 U.S. 577, 581–82 (2018).

[8] *Third Nat'l Bank in Nashville v. Impac Ltd.*, 432 U.S. 312, 322 (1977).

[9] *In re Crocker*, 941 F.3d 206, 219 (5th Cir. 2019) (quoting SCALIA & GARNER, READING LAW, 196).

[10] Doc. 3-2 at ROA 223.

[11] *Sharp v. State Farm Fire & Cas. Ins.*, 115 F.3d 1258, 1260 (5th Cir. 1997) (cleaned up).

rule of strict construction applies *only* if the contract is determined to be ambiguous."[12]  Thus, the Court looks first to the language of the contract itself, and if the language is unambiguous, the Court must "hold the parties to the plain terms of the contract to which they have agreed[.]"[13]

Here, the Court does not find any ambiguity in the contract.  Penalties, such as the Texas usury statute, are not covered by the Policy.  This is true under both the plain meaning of the word and when properly applying the *noscitur a sociis* canon. There is no ambiguity in the contract, thus the construction-against-insurer rule does not apply.

The Trustee's reliance on *Flagship Credit Corp. v. Indian Harbor Insurance* is misguided.[14]  The definition of penalty in *Flagship* was not "strikingly similar" but notably distinct.  In *Flagship*, a panel of the Fifth Circuit construed the phrase "fines, penalties or taxes imposed by law."[15]  But the Policy in this action is broader, clarifying both "civil and criminal" and including "sanctions, or forfeitures . . . whether pursuant to law, statute, regulation, or court rule[.]"[16]  Thus *Flagship*'s construction of "penalties" is inapposite.

Additionally, the Trustee argues that the bankruptcy court does not clarify the reason for dismissing the *Stowers* claim asserted by the Trustee.  In doing so, the

---

[12] *Id.* at 1261 (emphasis in original).

[13] *Id.* at 1261, 1263.

[14] 481 F. App'x 907 (5th Cir. 2012) (per curiam).

[15] *Id.* at 909.

[16] Doc. 3-2 at ROA 108.

Trustee argues that "[i]f this Court finds coverage, then reversing dismissal of the Stowers claim is automatic because it is a tort claim that is not subject to the Policy's non-assignability language."[17]  But the Court does not find the coverage for the underlying usury suit because it is for a penalty which was not included in the Policy.[18]

## IV.    Leave to Amend

Finally, the Trustee argues that the bankruptcy court erred in denying the Trustee leave to amend the complaint after the 12(c) motion.  It is well-established in this circuit that "a bare bones" request to amend is "futile when it fail[s] to apprise the district court of the facts [the plaintiff] would plead in an amended complaint."[19]  Further, the Court can deny leave to amend "for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility."[20]

Here, the bankruptcy court did not err is denying leave to amend.  As mentioned above, the Trustee's bare bones request does not inform the Court how it would cure the pleading deficiency.  Instead, the Trustee's original request for leave to amend accused Continental of gamesmanship, filing a motion for judgment on the pleadings instead of a 12(b)(6) motion to eliminate the right of amendment.  And the

---

[17] Doc. 8 at 9–10.

[18] The Court does not reach the bankruptcy court's alternative conclusion, that the claim could not be assigned to Trustee, because there is no coverage for the underlying usury suit.

[19] *Edionwe v. Bailey*, 860 F.3d 287, 295 (5th Cir. 2017) (cleaned up); *see also Porretto v. City of Galveston Park Bd. of Trs.*, 113 F.4th 469, 491 (5th Cir. 2024).

[20] *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014).

Trustee suggested previously leave to amend based only on the *Stowers* claim, distinct from the newly proposed two factual allegations that it claims justifies amendment on appeal.

But more importantly the Court need not grant leave in this circumstance where the defects cannot be cured.[21]  There are no facts that *could* be pled in this case that would convert what is not insured under the Policy, like the usury penalties, into a covered loss.  No Jedi mind trick—"This isn't the policy you're looking for"—will work.  Thus, repleading would be wholly futile only delaying the inevitable.

## V.    Conclusion

For the above reasons, the Court **AFFIRMS** the bankruptcy court's order granting Continental's motion to dismiss Trustee's claim on the pleading.

**IT IS SO ORDERED** this 18th day of November, 2025.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[21] *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002) (cleaned up).